UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN FUERTES                                                                PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:11CV-35-S

PAUL LANDRY                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, John Fuertes, to remand this action to the Jefferson County, Kentucky, Circuit Court. (DN 5). The defendant, Paul Landry, *pro se*, objects and has provided additional materials in support of the Notice of Removal.

On December 10, 2010 Fuertes filed a complaint in state court alleging breach of contract and professional negligence against Landry, a then-practicing attorney who represented Fuertes in this court under a *pro hac vice* order in *Fuertes v. Ford Motor Company*, 3:02CV-197-S. On January 18, 2011, Landry removed this action on the basis of diversity of citizenship. He claims that removal was timely inasmuch as he was "indirectly" notified of the filing of the suit[1] on December 22, 2010, and filed his Notice of Removal on January 18, 2011 within the thirty-day removal period. He cited the general removal statute, 28 U.S.C. § 1441, and the removal procedure statute, 28 U.S.C.

---

[1] Landry's Notice states that he has never been properly served in this case, and that he found out only "indirectly" that the suit was filed on December 10, 2010. His contention of insufficient service of process is one of the grounds he has raised in his pending motion to dismiss the complaint. (DN 3). Fuertes has filed a motion for extension of time to respond to the motion to dismiss in the event the motion to remand is denied. (DN 6). The court will grant the motion for extension of time. However, to the extent that Fuertes urges that a defendant cannot simultaneously remove an action and challenge service of process in the case, 28 U.S.C. § 1448 would suggest otherwise, as it states: "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."

§ 1446 in his Notice of Removal. He did not cite to the statute on diversity jurisdiction, 28 U.S.C. § 1332. He stated only that this court has diversity jurisdiction because Fuertes is a resident of Kentucky and he (Landry) has never been a resident of Kentucky. There was no mention in the Notice of the jurisdictional minimum of $75,000.00 required for diversity actions in this court.

Landry has filed an inadequate Notice of Removal. While Landry stated that diversity jurisdiction exists, his Notice did not establish it. Landry bears the burden to establish that jurisdiction exists.

Fuertes filed a motion to remand on the ground that the Notice of Removal was deficient. The deficiencies in the notice having been brought to his attention, Landry provided: (1) an affidavit in which he states that he is a resident and citizen of Alabama, and (2) a copy of a $300,000.00 demand letter sent to him, along with a copy of the draft complaint, by Fuertes' counsel prior to initiation of the action in state court.

Fuertes contends that Landry cannot amend his notice to include the omitted amount in controversy or to recite his citizenship, citing *Walsh v. American Airlines*, 264 F.Supp. 514, 515-16 (E.D.Ky. 1967). The *Walsh* case no longer states the prevailing thought on amendment of removal petitions. While not overruled, the case clearly states a disfavored view on amendments to Notices of removal in cases where removal jurisdiction exists. *See, Stanley Electric Contractors, Inc. v. Darin & Armstrong Company,* 486 F.Supp 769 (E.D.Ky. 1980).; *McPeek v. Bach*, 2006 WL 1642305 (W.D.Ky., June 7, 2006); *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Company*, 5 F.3d 963 (6th Cir. 1993); *Watkins v. Safety-Kleen Systems, Inc.*, 2008 WL 4073554 (E.D.Ky. Aug. 29, 2008).

More recent cases direct the court to focus on the existence of jurisdiction at the time of removal rather than technical deficiencies in alleging it. "Better, if the jurisdiction in fact exists, to permit the petition for removal to be amended to reflect it. It appears that the time has come to reexamine this entire matter and expressly adopt the approach...that amendments to the jurisdictional allegations of removal petitions should be permitted in the same manner as amendments to any other pleading." *Gafford v. General Electric Co.*, 997 F.2d 150, 164 (6th Cir. 1993), *quoting Stanley Elec., supra.; Tech Hills II, supra.*[2]

In his complaint, Fuertes states that he believes that Landry resides in Alabama. Landry avers that he is a resident and citizen of the state of Alabama. As Fuertes is a citizen of Kentucky, the parties are clearly diverse. The amount in controversy is not alleged in the complaint. This comports with Kentucky practice. The only suggestion as to the amount in controversy thus comes from Fuertes himself when he demanded $300,000.00 pre-suit to settle his claims. The demand letter was addressed to Landry, the law firm of Fredrikson & Byron, P.A., and a Louisville attorney, William Kenealy. When filed, the suit named Landry as the only defendant.

Considering the Notice of Removal together with the supplemental documentation, removal jurisdiction appears to have existed at the time of removal. The motion to remand does not contend that this court lacks jurisdiction. Rather his motion rests solely on an argument of technical deficiency which we have rejected.

---

[2] We note that in *Tech Hills II*, the defendant did not file a formal motion to amend, but rather filed affidavits which were "treated as the equivalent of an amendment of the petition." 5 F.3d at 969. Similarly, the affidavit and other documentation submitted by Landry was in response to the motion to remand rather that a motion for leave to amend the notice of removal.

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, John Fuertes, to remand this action to state court (DN 5) is **DENIED.**

**IT IS FURTHER ORDERED** that the motion of the plaintiff, John Fuertes, for an extension of time in which to respond to the motion to dismiss (DN 6) is **GRANTED**. The plaintiff shall file his response to the motion to dismiss **within twenty-one (21) days from the date of entry of this order.** The defendant shall file any reply **within fourteen (14) days from the date of service of the response.**

**IT IS SO ORDERED.**

August 3, 2011

**Charles R. Simpson III, Judge
United States District Court**